REID *v.* MATTHEWS.

1. A claimant of personalty levied on under an execution issued upon the foreclosure of a chattel mortgage, who fraudulently removed and concealed the property and thus destroyed the security of the mortgagee, became, after so doing, liable in damages to the latter.

2. The mortgagee's right of action in such case accrued at the time the fraudulent removal and concealment took place, and the statute of limitations began to run in the defendant's favor from that time, unless under all the facts and circumstances of the case the fraudulent intent in removing the property was not apparent when the removal itself occurred, and in that event the statute did not begin to run against the mortgagee until the time when after due diligence he discovered the fraud.

Argued June 28, — Decided August 5, 1897.

Complaint for damages. Before Judge Beck. Upson superior court. November term, 1896.

*J. A. Cotten* and *B. L. Tisinger*, for plaintiff.
*J. Y. Allen*, for defendant.

COBB, J. On October 28, 1895, Reid brought an action for damages against Matthews, alleging in his petition, that on April 25, 1890, Parks, to secure a debt due to plaintiff, executed and delivered to him a mortgage on a horse. The mortgage was duly recorded on March 4, 1891, and execution, issued upon what purported to be a foreclosure of the mortgage, was levied upon the horse. Matthews interposed a claim thereto, and attacked the validity of the foreclosure proceeding, and was successful in this attack. On October 26, 1895, plaintiff, having dismissed the first foreclosure proceeding, again foreclosed the mortgage. Execution issued, and the sheriff having made search for the property and failing to find it, made a return to that effect on the execution. Plaintiff then demanded of Matthews that he produce the property which had been in his possession, that it might be levied on under the mortgage fi. fa., which Matthews failed and refused to do. It is alleged that the defendant fraudulently concealed and removed the property, and that, the mortgagor having become a non-resident, plaintiff had lost his debt. It was further alleged that the plaintiff did not discover the fraud perpetrated upon him by the defendant until after April 2, 1894, which was the date

of the decision of this court declaring void the first foreclosure proceeding. The defendant filed a demurrer on the following grounds: first, the petition set forth no cause of action; second, the plaintiff's remedy, if he had any, was upon the forthcoming bond which the claimant had given when he filed his claim to the property when levied on under the first foreclosure proceeding; third, the right of action is barred by the statute of limitations.

1. In the case of *Harris* v. *Grant*, 96 *Ga.* 211, the present Chief Justice in the opinion uses the following language: "If one who knows that another has a mortgage on personal property wilfully destroys the property, he will certainly be subject to an action by the mortgagee for damages." In that case it was held, that the holder of a junior mortgage on personal property, who, with knowledge of the existence of a senior mortgage, received the mortgaged property from the mortgagor, and with his consent appropriated it to the satisfaction of the junior mortgage, and then placed it beyond the reach of the execution issued upon the foreclosure of the latter mortgage, was liable to the senior mortgagee for the value of the property thus received and disposed of, not of course exceeding the amount due upon the execution. In view of this decision there was a cause of action set forth in the plaintiff's petition. See also the case of *Benton* v. *McCord*, 96 *Ga.* 393.

2. The mortgagee's right of action accrues at the time of the fraudulent removal and concealment of the property, and generally the statute of limitations would begin to run in the defendant's favor from that time; but if from the facts and circumstances of the case the fraudulent intent in removing the property was not then apparent, and could not by the exercise of ordinary diligence have been ascertained, the statute would not begin to run against the mortgagee's right of action until a time when by the exercise of such diligence he could have discovered the fraud. As the plaintiff's petition set forth a cause of action, and set forth facts from which it would appear that the action was brought within due time after the discovery of the fraud, it was erroneous to dismiss the petition, either on the first or third ground. As it did not appear on

the face of the petition that any forthcoming bond had been given when the first foreclosure proceeding was had, it was error to dismiss the petition on this ground. It would seem, that even if this allegation had appeared in the declaration, the demurrer would not have been well taken, because the mortgagee would certainly have no right of action upon the bond which was conditioned to have the property forthcoming at the time and place of a sale, which could never take place on account of the invalidity of the execution under which the levy was made.

*Judgment reversed. All the Justices concurring.*