## DeVAUGHN *v.* HARRIS, survivor.

To render one liable for destroying, impairing in value, or placing beyond the jurisdiction of this State personal property upon which there is a lien in favor of another, it must appear that the person guilty of such conduct had actual notice of the lien, and that he wrongfully and fraudulently disposed of the property for the purpose of defeating the holder of the lien.

Argued October 20,— Decided November 27, 1897.

Complaint.    Before Judge Littlejohn.    Macon superior court. May term, 1897.

Grant turned over to DeVaughn, in satisfaction of a mortgage which he (Grant) had executed to DeVaughn, certain merchandise covered by the mortgage, and upon which there was a senior mortgage executed by Grant in favor of Johnson & Harris. Subsequently Johnson & Harris brought suit against Grant and DeVaughn, alleging that the agreement between the defendants whereby the goods were turned over to DeVaughn, was made with knowledge on the part of DeVaughn of the existence of the senior mortgage of the plaintiffs, and with intent to defraud the plaintiffs; that the goods were mixed by DeVaughn with his own, so that they could not be identified; that the remainder of the property covered by the senior mortgage was insufficient to pay off the same, and that Grant was insolvent; and they prayed for the recovery of damages from DeVaughn. DeVaughn in his answer denied that at the time of his purchase of the goods he had knowledge of the existence of the prior mortgage, and denied that there was any intention on his part to defraud the plaintiffs.    A verdict for the amount due plaintiffs upon their mortgage was rendered against Grant, and a

nonsuit was granted as to DeVaughn, and the case came to this court, where the judgment granting a nonsuit was reversed. (96 *Ga.* 211.) Upon a subsequent trial there was a verdict against DeVaughn for $158, and he made a motion for a new trial, which was overruled, and he excepted.

The motion was upon the grounds that the verdict was contrary to law and the evidence, and that the court erred in charging the jury: "The lien of a mortgage dates from its filing and record. The record of a mortgage, under the laws of this State, is constructive notice to the world, and anybody purchasing property covered by a mortgage, after the date of its record, purchases it with constructive notice, whether he had actual notice or not. The record of that mortgage is notice to the world of the existing lien resting thereon. If you believe from the evidence in this case that DeVaughn had a mortgage on this property, an older mortgage on this property, of the amount therein set out (and I believe that is admitted by the plaintiff in this case), and that he had a junior mortgage to that of the plaintiff in the case, and that he took an amount of goods in excess of the amount that was necessary to pay the mortgage that was superior in its lien upon the goods to the mortgage in favor of the plaintiff, and that he took such excess of goods in payment of a junior mortgage to that of plaintiff, and with actual or constructive notice of the plaintiff's mortgage, and that thereby he impaired the security of the plaintiff and damaged him; if you are satisfied of that from the evidence, you would be authorized to render a verdict in favor of the plaintiff against the defendant DeVaughn for whatever amount has been shown to your satisfaction that the defendant DeVaughn received over and above a sufficient amount to satisfy his prior mortgage, but not an amount in excess of plaintiff's debt. As I have stated, it is necessary that the plaintiff in this case should show you that he has been damaged, that his security has been impaired. He sets up that in his complaint, and it is incumbent upon him to show that to the satisfaction of the jury. Now, has he done that in this case? This is a question for the jury to pass upon. If he has, if you find that he has been injured, that his security has been impaired, then it is your duty to find

for the plaintiff to whatever amount you find his security has been impaired."

*John W. Haygood* and *Guerry & Hall*, for plaintiff in error. *S. A. Reid* and *Baxter & Reid*, contra.

Совв, J.    When this case was here before (96 *Ga.* 211), it was held that the court erred in granting a nonsuit.    By that decision it is settled that if the holder of a junior mortgage on personal property, with knowledge of the existence of a senior mortgage, receives the mortgaged property from the mortgagor, and with his consent appropriates it in whole or in part to the satisfaction of the junior mortgage, and then places it beyond the reach of an execution issued upon the foreclosure of the senior mortgage, he is liable to the plaintiff in that execution for the value of the property thus received and disposed of, but not, of course, in a sum exceeding the amount due upon such execution.    An examination of the opinion of Chief Justice Simmons will show that the right to recover was placed solely upon the fraudulent conduct of the junior mortgagee in so dealing with the property as to defeat the rights of the senior mortgagee.    He uses this language:    "If one who knows that another has a mortgage on personal property wilfully destroys the property, he will certainly be subject to an action by the mortgagee for damages.    And so we think, if a junior mortgagee knows of a superior mortgage lien, and by collusion with the mortgagor secures the goods and hides them or mixes them with his own so that they can not be identified, seized and sold, the senior mortgagee would have equally a right of action against such junior mortgagee for damages; and that this is true although the junior mortgagee may have acted solely for the purpose of securing his own debt.    He has no right to thus deprive the senior mortgagee of the priority which the law gives him; and if he does so, we think he should be held liable for such damage as the senior mortgagee may thereby sustain."    The underlying principle of the decision is, that one who, in attempting to preserve his own rights, fraudulently deprives another of a right, will be liable to such person.    It will be noted that the words "knowledge" and

"know" are used instead of notice, — words which convey the idea of actual knowledge or information. It was undoubtedly intended to restrict the right of recovery to a state of facts in which it would appear that the junior mortgagee had actual notice of the existence of the senior mortgage at the time that he placed the property in a position in which it could not be seized and sold under execution. It was therefore error in the court to charge the jury, that if the junior mortgagee had constructive notice of the mortgage, he would be liable, whether he had actual notice or not. A creditor who, ignorant of the existence of a lien upon property, takes it in good faith, and in the regular course of his business sends it out of the jurisdiction of the court, or otherwise disposes of it so that it can not be seized under execution, for the sole purpose of advancing his own interest, and with no intention to defeat the rights of other people in the property, should not be held liable in damages for such conduct simply because a lien upon this property is duly registered. We do not think it safe to extend the doctrine further than the ruling made upon the facts as they appeared in the case when it was here before. The right of action belongs to that class which arises out of fraud committed by one person, accompanied with damage to the party defrauded. Civil Code, § 3813. The fraud which is the basis of such an action is moral fraud. Without actual notice of the prior lien there could be no moral fraud. While in the case of *Benton* v. *McCord,* 96 *Ga.* 393, the expression "actual or constructive notice" appears in the headnotes, still, upon an examination of the facts of that case, it will be found that there was, as in this case, proof of actual notice of the lien at the time that the mortgaged property was placed beyond the jurisdiction; and Justice Atkinson in his opinion places the decision upon the ruling in the case cited supra. Therefore, so far as that case purports to hold that constructive notice is sufficient, it is obiter and not binding as authority. See the case of *Reid* v. *Matthews,* 102 *Ga.* 189.

*Judgment reversed. All the Justices concurring.*