### ANDERSON *v.* ADAMS & COMPANY.

1. Where a note for the purchase of personal property is signed by a maker and surety, the sale is prima facie to the maker of the note and not to the surety.
2. Where a conditional sale note is not recorded, and the maker thereof executes a mortgage on the personal property to one without notice of the conditional sale, the lien of the mortgage is superior to the title of the vendor, even if the personal property is thereafter surrendered to him; and if, with actual notice of the existence of the mortgage, the original owner conceal the property for

the purpose of preventing the same from being taken in satisfaction of the mortgage debt, he is liable in damages to the mortgagee for the value of the property, not exceeding the amount of his debt, with interest from the date of the concealment.

3. The lien inheres in the mortgage and not in the execution, and the mortgagee may institute such an action for damages before or after foreclosure proceedings.

Submitted March 17,—Decided April 8, 1903.

Action for damages.     Before Judge Nottingham.     City court of Macon.    April 10, 1902.

Adams & Company alleged that Anderson had damaged the plaintiffs in the sum of $129.22, besides interest, by reason of the following facts:   Defendant, on November 3, 1901, wrongfully got possession of two mules (described), worth $129.22, which were mortgaged to plaintiffs by W. M. Elder on January 21, 1901.   Defendant procured the mules purposely to defeat said mortgage, and has concealed or placed them beyond the reach of the mortgage. Although demand was made on him by the deputy-sheriff, in whose hands the mortgage fi. fa. was placed, on November 12, 1901, he refused to deliver them to the deputy-sheriff or to disclose their whereabouts.    Defendant knew, at the time he took possession of the mules, that plaintiffs held said mortgage.     Being told by one Brooks that the mules were about to be levied on by plaintiffs' mortgage, defendant hired Brooks to deliver them to him, on November 3, 1901, purposely to defeat the mortgage.  Plaintiffs have made every effort to locate the mules since they went into defendant's possession, and have made demand on him for them, or to know where he was keeping them, and he refuses to turn them over or to disclose where he is keeping them.   Said mortgage was duly recorded, February 5, 1901, and was foreclosed in the city court of Macon, November 11, 1901.    It was given to secure a promissory note, executed January 21, 1901, for $129.22, by said Elder, which note is due and unpaid.     Elder has absconded, has left the State, and is insolvent, and the property which defendant has wrongfully taken and disposed of or concealed is the only property to satisfy plaintiffs' said claim.

The petition was demurred to, on the grounds that no cause of action was set forth; that the allegation as to how the defendant got possession of the mules was too vague, indefinite, and uncertain; that the allegations were inconsistent, in that the defendant

was charged with taking possession of the mules on November 3, 1901, with knowledge of the mortgage and that it was about to be levied, whereas elsewhere in the petition it was alleged that the mortgage was not foreclosed until November 11, and not placed in the hands of an officer until November 12, 1901; and that the petition failed to charge fraud or collusion between the defendant and Elder, the mortgagor, or to charge fraudulent conduct or liability as against Elder, or to make Elder a party to the suit. The overruling of the demurrer is assigned as error.

From the evidence it appeared that Anderson was originally the owner of the mules in question, and sold them, taking a note for the purchase-money, signed by Elder as maker and by Polhill as security; that Elder afterwards, while in possession of the mules, mortgaged them to Adams & Company to secure the payment of his note to them for $129.22; that he subsequently left the State, and one Brooks delivered the mules to Anderson, who thereupon sent them away and had them sold, and refused to disclose where they were to the officer in whose hands an execution, issued on the foreclosure of the mortgage in favor of Adams & Company, had been placed to be levied; and that Elder had no other property. Brooks testified that Elder gave the mules to him and told him to deliver them to Anderson, Elder saying that he had bought them from Anderson and wanted Anderson to have them; that he (witness) went to Anderson and told him that Adams & Company were going to levy on the mules under a mortgage, and that Elder had instructed him to turn them over to Anderson the next day; whereupon Anderson offered him $5 to deliver the mules at once, and he did so. Anderson testified that he did not sell the mules to Elder, but sold them to Polhill; that Polhill made Elder sign the note with him. Polhill signing as security and leaving a space above his signature, in which Elder signed, but this was not in accordance with his (Anderson's) instructions; that he did not look to Elder to pay the note; that he turned the mules over to Elder at the time of the sale, but supposed Elder was an employee of Polhill; that he "never transferred the title in the mules;" that the note was not recorded; that Brooks said nothing about the mortgage in favor of Adams & Company at the time he agreed to bring the mules, and he (Anderson) had no notice of it until the second day after they had been brought to him, and after he had sent them off; that they

were sold about two months and a half afterward.   He declined to say where the mules were, unless required by the court, saying that he was responsible for them.   There was evidence that the mules were worth $100.   The trial resulted in a verdict against the defendant for that amount.   Error is assigned on the overruling of his motion for a new trial, the grounds of which were, that the verdict was contrary to law and the evidence and to a specified charge of the court; and that the court erred in admitting in evidence "the mortgage foreclosure and execution," and in charging the jury as follows:   "If Elder was owner of the property at the time the mortgage was given, and if it was taken possession of by Anderson with knowledge it was subject to lien of this mortgage, or if he, Anderson, acquired the knowledge before he disposed of the property, and it was withheld from the reach of the court after his knowledge, he would be liable to the plaintiffs in whatever damages the plaintiffs sustained by reason of that withholding of the property under the knowledge of the existence of a lien."   It is alleged that this was error, because the rights of Anderson to hold the property became fixed on taking possession of it, and after-acquired knowledge could not affect his rights.   Also, that the court erred in charging as follows:   " You would also have a right to add seven per cent. to the value of the mules, not exceeding the amount due on this mortgage, — seven per cent. per annum interest to the value of the mules, not exceeding the amount due on the mortgage, from the time he got possession to the date of your verdict, of course making a lump sum, not saying so much interest and so much principal."

*Hardeman & Moore,* for plaintiff in error.

*F. R. Martin,* contra.

LAMAR, J.   1. The judge submitted to the jury, as one of the issues of fact, whether the mules had been sold to Elder or to Polhill.   The note was not sent up in the record, nor does it appear that it was attested as required by the Civil Code, § 2776.   *Hill* v. *Ludden & Bates,* 113 *Ga.* 320.   From the oral testimony as to its contents it appears that it was signed by Elder as maker and Polhill as security.   This fact would, prima facie, indicate that the sale was to Elder, and, in connection with the other evidence, was sufficient to sustain the finding of the jury that Elder had title and was authorized to mortgage to the defendant.

2. The defendant claimed that the purchase-money note reserved title to the mules in Anderson, and that when they were returned to him he simply came into possession of his own and had the right to dispose of them as he thought best, even though the note was not recorded. This was true as between himself and Elder, but not as against third persons who had, without notice, acquired a valid lien from Elder, the apparent owner. *Harp* v. *Patapsco Co.,* 99 *Ga.* 752.

3. There were several assignments of error on allowing the mortgage fi. fa. to be introduced in evidence; but it is not necessary to consider these points, since the plaintiffs' cause of action and right to recover was based on the mortgage, and not on the mortgage fi. fa. Where mortgaged property has been concealed, with actual knowledge of the existence of the lien and for the purpose of defeating the rights of the mortgagee, a cause of action arises. There would be no necessity for foreclosing in order to levy on property which could not be found. The lien inheres in the mortgage and not in the execution, and the plaintiff would have been equally entitled to recover whether the fi. fa. had been introduced or not. Compare *Coleman* v. *Allen,* 79 *Ga.* 645. The demurrer was properly overruled. As to the right of the mortgagee to recover against one who has with actual notice of such mortgage concealed or destroyed the property, see *Harris* v. *Grant,* 96 *Ga.* 211; *DeVaughn* v. *Harris,* 103 *Ga.* 102; *Reid* v. *Matthews,* 102 *Ga.* 190; *Benton* v. *McCord,* 96 *Ga.* 393. *Judgment affirmed. By five Justices.*