### 5888. TODD *v.* HURST SUPPLY COMPANY.

RUSSELL, C. J. 1. A mortgage purporting to have been signed on the ......day of ......, 1912,, and which appears to have been properly witnessed, and which was duly recorded on August 7, 1912, covering described crops, "all planted and growing" on certain lands, was not so defective as to date as to be too indefinite to constitute a lien on the property as to third persons. The mortgage was at least good from the time of its record.

2. Where the entry of the levy of a mortgage fi. fa. on certain property described therein was immediately followed by the written statement that "upon motion of plaintiff in mortgage fi. fa., the levy in said case is hereby dismissed and the property not sold," and where it further appeared that the property was left in the possession of the mortgagor, this did not constitute such a dismissal of the levy "unexplained" as is contemplated by section 6047 of the Civil Code. Besides, it appearing

from the evidence in this case that the plaintiff in error transferred the mortgage to the defendant in error with the above-stated entry of levy and the dismissal thereof entered thereon, and with notice of all the facts connected with the levy and dismissal, he was estopped to claim that he was such a third party as could take advantage of the provisions of the law applicable to such cases.

3. The requested charge set out in the third ground of the amended motion for a new trial as having been refused by the court was not the law of the case.

4. A mortgage in which it was sought to mortgage property described therein as "my entire crop of cotton, corn, and all other products to be raised by or for me the present year, consisting of 90 acres in cotton and 30 acres in corn, all planted and growing on the lands of Miss Sallie Todd and Willingham place in the 11th dist., Meriwether Co., Ga.," was not void on account of insufficiency of description of the property, and was properly admitted in evidence, more especially when the property was fully identified by parol proof. See, in this connection, *Crine* v. *Tift*, 65 *Ga.* 645; *Patterson* v. *Evans*, 91 *Ga.* 799 (18 S. E. 31); *Derrick* v. *Sams*, 98 *Ga.* 397 (25 S. E. 509, 58 Am. St. R. 309); *Johnson* v. *McKay*, 119 *Ga.* 196 (45 S. E. 992, 100 Am. St. R. 166).

5. "The holder of a junior mortgage on personal property, who, with knowledge of the existence of a senior mortgage thereon, receives the mortgaged property from the mortgagor, and with his consent appropriates it in whole or in part to the satisfaction of the junior mortgage, and then places it beyond the reach of an execution issued upon the foreclosure of the senior mortgage, is liable to the plaintiff in that execution for the value of the property thus received and disposed of; not, of course, exceeding the amount due upon such execution. This is true although the junior mortgagee did the acts mentioned solely for the purpose of collecting his own debt." *Harris* v. *Grant*, 96 *Ga.* 211 (23 S. E. 390). See also *Benton* v. *McCord*, 96 *Ga.* 393 (23 S. E. 392); *Reid* v. *Matthews*, 102 *Ga.* 189 (29 S. E. 173, 66 Am. St. R. 164); *DeVaughn* v. *Harris*, 103 *Ga.* 102 (29 S. E. 613).

6. There was sufficient evidence to support the verdict, the charge of the court covered the material issues in the case and was free from material error, and the motion for a new trial was properly overruled.

*Judgment affirmed.*

DECIDED SEPTEMBER 17, 1915.

Action for damages; from city court of LaGrange—Judge Harwell. March 13, 1914.

*A. H. Thompson, M. U. Mooty, Judson Andrews,* for plaintiff in error.

*J. E. Justiss, E. T. Moon,* contra.