### 14839. STREETMAN *v.* TURNER.

STEPHENS, J. 1. Crops produced upon rented premises are by operation of law incumbered with the landlord's lien for supplies unpaid for, furnished by him to the tenant to make the crop, although such lien has not been foreclosed by levy as provided for by statute. *Cochran* v. *Waits &c. Co.*, 127 *Ga.* 93 (56 S. E. 241).

2. A third person, who, with knowledge of the existence of such a lien, wrongfully and fraudulently interferes for the purpose of impairing and destroying the value of the lien of the landlord by purchasing the property from the tenant and afterwards disposing of it, is liable to the

landlord for any loss or damage sustained by reason of such wrongful interference. *DeVaughn* v. *Harris,* 103 *Ga.* 102 (29 S. E. 613); *Harris* v. *Grant,* 96 *Ga.* 211 (23 S. E. 390); *Benton* v. *McCord,* 96 *Ga.* 393 (23 S. E. 392); *Reid* v. *Matthews,* 102 *Ga.* 190 (29 S. E. 173, 66 Am. St. R. 164); *Anderson* v. *Adams,* 117 *Ga.* 919 (43 S. E. 982).

3. Where such third person afterwards sells the crops and pays part of the proceeds thereof to the landlord in discharge of rent due by the tenant to the landlord, the acceptance of such payment by the landlord, even with knowledge of all the facts, will not as a matter of law amount to a settlement of the landlord's claim against the person who has taken and sold the property.

4. The tenant is not a necessary party to such a proceeding.

5. Applying the above rulings, the petition by the landlord in this case, against the person acquiring the property from the tenant, set out a cause of action, and was improperly dismissed on demurrer.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED OCTOBER 2, 1924.

Complaint; from Milton superior court—Judge Blair. June 15, 1923.

*J. P. Brooke,* for plaintiff.    *G. F. Gober,* for defendant.