*Morris Macks,* for plaintiff in error.

*R. R. Jackson, T. L. Lanford,* contra.

---

### 15881.  WYNNE & SON *v.* PAULK.

STEPHENS, J.  1. One who, to the damage of another, disposes of property upon which the latter possesses a lien, is not liable for such act unless at the time he had actual knowledge of the existence of the lien. *De-Vaughn* v. *Harris,* 103 *Ga.* 102 (29 S. E. 613).

2. In a suit by the lienholder against one who it was alleged has wrongfully and to the plaintiff's damage secreted certain personal property upon which the plaintiff held a mortgage, where it did not appear that the defendant, who had bought the property, had had actual notice of the plaintiff's lien before the property had been secreted by the defendant and had passed beyond his control, a verdict for the defendant was properly directed.

> *Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

> DECIDED SEPTEMBER 2, 1925.

Action for damages; from Irwin superior court—Judge Eve. August 21, 1924.

*A. J. & J. C. McDonald,* for plaintiffs.

*Quincey & Rice, Rogers & Rogers,* for defendant.