### 17186. FRANKLIN v. HOWELL.

LUKE, J. The evidence introduced for the plaintiff showed that he had a valid mortgage-note on three mules to secure a debt due him by the mortgagor for supplies; that the defendant, after reading over the mortgage-note one afternoon, caused the mules to be carried away the same night and conveyed into another State; that foreclosure proceedings were

---

Chattel Mortgages, 11 C. J. p. 592, n. 76 New; p. 619, n. 37 New.
New Trial, 29 Cyc. p. 832, n. 60.

instituted on the mortgage, and a return of nulla bona was made by the levying officer; that the value of the mules exceeded the amount of the debt; that the mortgagor owned nothing except a little corn, and that the mortgage-note was never paid. *Held:*

1. If one having actual knowledge that another has a mortgage on personal property wilfully conveys the property beyond the limits of this State and destroys the value of the mortgage, he is liable in damages to the mortgagee; and the measure of damages is the value of the property, not exceeding the amount due upon the mortgage. *Harris* v. *Grant*, 96 Ga. 211 (23 S. E. 390); *DeVaughn* v. *Harris*, 103 Ga. 102 (29 S. E. 613); *Reid* v. *Matthews*, 102 Ga. 189 (29 S. E. 173, 66 Am. St. R. 164); *Todd* v. *Hurst Supply Co.*, 17 Ga. App. 98 (86 S. E. 255).

2. The defendant offered no evidence, there was no evidence to support the verdict for him, and the court erred in refusing to grant a new trial.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*

DECIDED MAY 12, 1926.

Action for damages; from Butts superior court—Judge Persons. January 2, 1926.

*H. M. Fletcher*, for plaintiff.

*C. L. Redman, W. E. Watkins*, for defendant.