### 20515. MACON NATIONAL BANK *v.* WOOD.

BROYLES, C. J. Where, in 1929, a bank, to secure an indebtedness due it from A, obtained a mortgage on A's crop of peaches grown during that year in his orchard in this State, and where a third person, presumably a broker, with actual knowledge of the bank's mortgage, received from A the peaches as they matured, and shipped them beyond the limits of the State and sold them to persons unknown to the bank, thereby totally destroying the value of the bank's security, and where the bank was notified by A that the broker was so receiving and shipping the peaches, and acquiesed in such an arrangement because of the further information from A that the broker was acting under an understanding with A that the debt due by A to the bank should be discharged out of the proceeds of the peaches before the proceeds were applied to any other purpose, and that certain indebtedness due by A to the broker should not be paid out of the proceeds of the peaches until the bank's debt had been paid in full; and where the value of the peaches received by the broker and the amount actually received for the peaches by him exceeded the indebtedness due the bank and covered by the mortgage; and where the bank brought suit against the broker for the amount of the indebtedness due it by A; and where on the trial a special demurrer was interposed to the petition, on the ground that the petition was duplicitous and multifarious, and the bank, to meet that demurrer, announced in open court that it was proceeding in tort for an interference with the mortgaged property, the petition was properly dismissed on general demurrer, since the petition failed to show that the defendant's interference with the mortgaged property was a fraudulent interference. To set out a cause of action at law against the defendant, the petition should have shown not only damage to the plaintiff but also fraud on the part of the defendant. The suit was brought in a city court and equitable relief was not involved. The petition failed to show that the defendant, either alone or in collusion with A, shipped

the peaches out of the State with the intent to destroy the value of the bank's security, or that the defendant fraudulently disposed of the peaches, or that he appropriated to his own use the proceeds of their sale. See, in this connection, *DeVaughn* v. *Harris,* 103 *Ga.* 102 (29 S. E. 613) ; *Harris* v. *Grant,* 96 *Ga.* 211, 213 (23 S. E. 390) ; *Benton* v. *McCord,* 96 *Ga.* 393 (23 S. E. 392) ; *Reid* v. *Matthews,* 102 *Ga.* 189 (29 S. E. 173, 66 Am. St. R. 164) ; *Wyatt* v. *State,* 16 *Ga. App.* 817 (81 S. E. 802). *Judgment affirmed. Luke and Bloodworth, JJ., concur.*
DECIDED JUNE 10, 1930.

*John R. L. Smith, Joseph LeConte Smith, George A. Pindar,* for plaintiff.

*Jones, Jones, Johnston & Russell,* for defendant.