13902

RUTLAND v. PAULLING

(175 S. E., 534)

*Messrs. Hall & Hall* and *E. L. Asbill,* for appellant, ▮

*Messrs. Timmerman & Graham,* for respondent, ▮

August 14, 1934.

The opinion of the Court was delivered by MR. W. C. COTHRAN, ACTING ASSOCIATE JUSTICE.

The complaint in this action seeks to recover the sum of $1,125.00 from the defendant and also the sum of $500.00 as damages. The items are made up of $1,125.00 as past-due rent for the lease of a hotel and $500.00 as damages for causing the plaintiff delay, inconvenience, and expense by the refusal on the part of the defendant to allow the agent of the plaintiff to levy a distress warrant and seize the prop-

erty of the defendant. Attached to the complaint were the necessary papers in an action in claim and delivery, the plaintiff claiming the right of possession by reason of ownership "or by virtue of a special property therein." The property claimed was the general furnishings in the hotel.

When the defendant became in arrears for rent, the plaintiff issued a distress warrant, giving the same to an agent for service. The defendant would not allow the agent of the plaintiff to make the service or to levy upon the property, whereupon this suit was brought.

To the complaint as served the defendant filed a demurrer, alleging the failure of the complaint to state facts sufficient to constitute a cause of action, in that it appeared from the face of the complaint that the plaintiff was not the owner of the property claimed, nor did he have a lien thereon since no levy had been made.

The Circuit Judge overruled the demurrer, holding that the complaint stated a cause of action in claim and delivery and on the further ground that the complaint also stated a cause of action for the amount of rent due; the rule being that if the complaint states any cause of action it is not subject to demurrer.

The order overruling the demurrer must be sustained upon the second ground above stated upon the authority of *Latham v. Harby,* 50 S. C., 428, 27 S. E., 862.

As to whether or not claim and delivery is a proper remedy, it will be necessary to enter into a more extended discussion. That the plaintiff had issued a valid distress warrant for the past-due rent is admitted or, at least, is not denied. It is also admitted that the conduct of the defendant was such that the agent of the plaintiff could not make a levy upon the property of the defendant as he was directed by the warrant to do. Could the defendant by such a course defeat the rights of the plaintiff to levy upon the property for the past-due rent? We think not. The law does not contemplate the defeat of legal rights by

high-handed tactics. The case of *Hamilton v. Blanton,* 107 S. C., 142, 92 S. E., 275, 277, holds that in levying a distress the landlord must do so peaceably; he must stop short of violating a law or committing a breach of the peace. It further holds that if the landlord be resisted he must "resort to the Courts *to obtain possession* of the tenant's goods in order that he may subject them to his lien for rent." The words which we have italicized certainly refer to the possessory action of claim and delivery. It must be remembered that the action of claim and delivery is one based upon the right of possession and may be valid without either a title or lien as its basis.

The order overruling the demurrer is affirmed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER, CARTER and BONHAM concur.