38955. UNIVERSAL C. I. T. CREDIT CORPORATION
v. SMITH.

CARLISLE, Presiding Judge. The petition, as amended, alleges that the petitioner, on January 6, 1960, loaned a named partnership dealing in the retail sale of automobiles the sum of $1,656, taking therefor a chattel mortgage on a described Chevrolet Corvair automobile, which mortgage was filed for record in the office of the Clerk of Bibb Superior Court on January 15, 1960, and by said clerk duly recorded; that before said chattel mortgage was filed for record, the defendant, who was at the time engaged in the business of selling automobiles at retail, procured the partnership to deliver the Corvair automobile to him in settlement of a debt owed by the partnership; that at the time defendant obtained possession of the automobile it had a fair market value of at least $1,656; that defendant took possession of the automobile with actual knowledge that petitioner held a lien thereon; that when petitioner learned that defendant had taken possession of the automobile from the named partnership it demanded, through its agent, the return of the automobile, which demand was refused; that defendant has sold said automobile to a person, or persons, unknown to petitioner; that defendant concealed from such purchaser the fact that said automobile was subject to a lien in favor of the petitioner; that the sale by defendant was for the purpose of defeating the petitioner's lien; that defendant received the full value of said automobile upon the sale, the exact amount being unknown to plaintiff, but it was not less than $1,656; that at the time defendant obtained possession of said automobile, the partnership and each of the partners were insolvent and are now insolvent; that petitioner has never been paid any part of the loan

made on said automobile, and has by the acts of the defendant been damaged in the sum of $1,656. The defendant filed general and special demurrers which were renewed after amendment of the petitioner, and the trial court sustained the general demurrer and one ground of special demurrer which attacked the allegation that the defendant sold the automobile for the purpose of defeating plaintiff's lien as being a mere conclusion of the pleader unsupported by proper allegations of facts. The exception here is to that judgment. *Held:*

1. "A mortgagee of chattels, whose mortgage has been duly executed and recorded, though possession remain in the mortgagor, is nevertheless entitled to have preserved in its integrity his lien upon the mortgaged property until such time as he may see proper by foreclosure to enforce the payment of the debt secured; and by virtue of his interest as mortgagee he may maintain an action on the case as against a third person having [actual] notice . . . of the mortgage, who wrongfully or fraudulently destroys or impairs his security, and in such action may recover, to the extent that his security has been thus diminished, damages within the value of the mortgaged property and not in excess of the debt secured." *Benton v. McCord,* 96 Ga. 393 (23 SE 392); *DeVaughn v. Harris,* 103 Ga. 102, 105 (29 SE 613). See also *Harris v. Grant,* 96 Ga. 211 (23 SE 390); and *Reid v. Matthews,* 102 Ga. 189 (29 SE 173, 66 ASR 164). "Where mortgaged property has been concealed, with actual knowledge of the existence of the lien and for the purpose of defeating the rights of the mortgagee, a cause of action arises. There would be no necessity for foreclosing in order to levy on property which could not be found." *Anderson v. Adams & Co.,* 117 Ga. 919, 923 (3) (43 SE 982). Following the foregoing authorities, it must be held that the trial judge erred in sustaining the defendant's general demurrer to the plaintiff's petition.

2. The motive with which one acts in a particular situation is a fact which may be alleged directly, and it is unnecessary to allege other facts in support of such a general allegation. *Davis v. Farmers & Traders Bank,* 36 Ga. App. 415, 421 (3) (136 SE 816); *Langston v. Langston,* 42 Ga. App. 412 (156 SE 469); *Progressive Life Ins. Co. v. Doster,* 98 Ga. App. 641, 644 (3) (106 SE2d 307). It follows that the judgment of

the trial court sustaining ground 4 of the renewed and additional demurrer of the defendant which attacked paragraph 10 (b) of the petition was error.

*Judgment reversed. Nichols and Eberhardt, JJ., concur.*

Decided September 6, 1961.

*Martin, Snow, Grant & Napier*, for plaintiff in error.
*Adams, O'Neal, Steele & Thornton, H. T. O'Neal, Jr.*, contra.