### 17898

Jackson S. BURNETT, as Trustee for the Stockholders of W. E. Burnett Estate, Inc., Appellant, v. George J. BOUKEDES and James G. Boukedes, of which James G. Boukedes, is Respondent.

(125 S. E. (2d) 10)

*Holcombe & Bomar,* of Spartanburg, *for Appellant,*

*Messrs. Hyatt, DePass & Raman,* of Spartanburg, *for Respondent,*

April 9, 1962.

Moss, Justice.

Jackson S. Burnett, as trustee for the stockholders of W. E. Burnett Estate, Inc., the appellant herein, brought this action in Claim and Delivery against George L. Boukedes; and James G. Boukedes; the respondent herein, for immediate possession of an air conditioning unit, or its value, the sum of $750.00, in case recovery of possession thereof cannot be had. At the time the action was instituted, the appellant filed the necessary bond with the Sheriff, and the air conditioning unit was seized by him and delivered to the possession of appellant. The respondent filed no replevin bond.

It appears from the original complaint and the record that the appellant owns a restaurant building located on East Main Street in the City of Spartanburg, known as "Fernwood Drive-In". On January 1, 1953, this building was leased to George J. Boukedes for a term of five years, ending

December 31, 1957, at a monthly rental of $170.00, and in addition thereto, four per cent on the lessee's gross business over $50,000.00 a year, which latter provision was waived by the appellant because of the inability of the lessee to comply therewith. In the operation of the restaurant, George J. Boukedes purchased and installed in the building certain equipment, including one Frigidaire air conditioning unit. It is admitted that the lessee defaulted in the payment of his rent for several months and that on November 15, 1957, he owed the appellant eleven months back rent amounting to $1,840.00. The complaint alleges that on November 15, 1957, in derogation of the appellant's right to have all equipment retained in said restaurant building, as security for the payment of said rent, George J. Boukedes removed from the said building the air conditioning unit, and purported to sell it to his father, the respondent herein. The original complaint also alleged that the appellant was entitled to have the air conditioning unit remain in the restaurant building as security for the payment of the accrued and unpaid rent and has demanded the return of the same to the building in order that the appellant might exercise his security rights with respect thereto. The respondent has failed and refused to return the said unit to the restaurant building, or to the appellant. It is then alleged that the appellant is entitled to the possession of the said air conditioning unit and that the respondent unlawfully detains the said unit from the appellant. It is then alleged that the actual value of the air conditioning unit is $750.00. We should point out that the summons and complaint were served upon the respondent but were never served upon George J. Boukedes.

The respondent, within the time required by statute, served an answer and counterclaim. Thereafter, the appellant served a notice of motion for the respondent to correct his pleadings in certain particulars. The respondent served a notice of motion to require the appellant to make his complaint more definite and certain, by "alleging what the plaintiff's security interest or rights are." These motions

were heard by Honorable Steve C. Griffith, the then Presiding Judge, and he entered an order, (1) requiring the respondent to separately state and designate his counterclaim in accordance with Circuit Court Rule 18; and (2) that the security rights of the appellant be interpreted to mean those rights which he claims under a landlord's lien for rent.

The respondent demurred to the complaint upon the grounds that the appellant could not enforce a landlord's lien by Claim and Delivery and that the action was not commenced within ten days after the removal of the air conditioning unit from the rented premises. The respondent also served another answer separately stating and designating his counterclaim. The demurrer of the respondent was heard by Honorable George T. Gregory, Jr., Presiding Judge, and on October 30, 1959, he filed an order wherein he found that the air conditioning unit was removed from the rented premises on November 15, 1957, and that this action was not instituted until April 21, 1958, this being more than ten days after the air conditioning unit was removed from the premises. He also held that Section 41-151 *et seq.,* of the 1952 Code of Laws of South Carolina, provides the statutory procedure whereby a landlord may enforce collection of rent, and that Section 41-156 of the Code, restricts the time in which the landlord may distrain on property removed from the premises to ten days after such removal. The demurrer of the respondent was sustained, but the appellant was allowed to file and serve an amended complaint.

In due time the appellant filed an amended complaint, wherein he alleged, in addition to what was in the original complaint, that because of the repeated assurances of George J. Boukedes that he would pay his rent in full, refrained from distraining upon the contents of the building and permitted George J. Boukedes to remain in the building as tenant. He further alleged that the said George J. Boukedes did, on November 15, 1957, without the knowledge or consent of the appellant, remove the air conditioning unit from

the building and purported to sell it to his father, the respondent herein. The said George J. Boukedes then left the City of Spartanburg and the appellant was unable to find him or to discover the whereabouts of the air conditioning unit. It was then alleged that the respondent, conspiring with his son to defeat the appellant's right of distraint, had the air conditioning unit placed in an apartment house owned by him, where it was concealed from the appellant for several weeks. It was further alleged that the respondent, conspiring with his son to defeat the appellant's right to distrain upon the air conditioning unit, and while the respondent was in possession of same, informed the appellant that he did not know where the air conditioning unit was but would write his son and attempt to locate it for the appellant. It is then alleged that the appellant, through his independent efforts, located the air conditioning unit and brought this action to recover the possession of the said unit.

The respondent answered the amended complaint interposing a general denial and admitting that the air conditioning unit, having a value of $750.00, was removed from the rented premises on November 15, 1957, being at that time purchased by him from his son. The answer further alleged that the appellant lost his right to enforce his rent claim by not distraining upon the air conditioning unit within ten days after the same was removed from the rented premises. The respondent also filed a counterclaim wherein he alleged that he purchased the air conditioning unit from George J. Boukedes on November 15, 1957 and removed it on the same date from the rented premises. He further alleged that he "is entitled to possession of said air conditioner and also entitled to possession at the time it was seized pursuant to this Claim and Delivery action." He further asserts that since the seizure of the air conditioning unit he has been deprived of its use, all to his actual damage in the sum of $1,000.00. The prayer of the counterclaim was that the complaint be dismissed and that the respondent have judgment against the appellant for $1,000.00, with interest from the time the appellant seized the air conditioner.

This case came on for trial before Honorable J. B. Ness, Presiding Judge, and a jury. At the close of the testimony both parties made motions for the direction of a verdict and conceded that there was no jury issue. The trial Judge dismissed the jury and took the matter under advisement and on July 3, 1961 he awarded judgment against the appellant for $750.00, the agreed value of the air conditioning unit. Thereafter, the appellant moved to amend the said order and such was denied. In due time the appellant properly appealed to this Court.

There is no doubt from the testimony that George J. Boukedes was a tenant of the appellant and that at the time that the air conditioning unit was removed from the premises that he owed rent in the amount of $1,840.00. It is also a conceded fact that the air conditioning unit was removed from the rented premises on November 15, 1957. The appellant admits that in January of 1958 he discovered that the air conditioning unit had been removed from the rented premises. He testified that he made an effort to find George J. Boukedes and to discover the whereabouts of the air conditioning unit. He further testified that he went to see the respondent, the father of George J. Boukedes, and asked him, "What happened to the air conditioner and the cash register?" The respondent's answer was, "I don't know" but "I will write my boy and find out." Some two or three weeks later, the appellant telephoned the respondent and got no further information. The appellant also testified that the respondent told him very definitely that he did not know where the air conditioner was. Thereafter, the appellant, by contacting an appliance dealer in the City of Spartanburg, found out that the air conditioner was removed on November 15, 1957 from the restaurant and stored in an apartment house of the respondent. The respondent testified that he bought the air conditioner from his son on November 15, 1957, and the same was removed from the restaurant building and stored in an apartment house owned by him. However the trial Judge ruled that since the respondent had not

set up *bona fide* purchaser without notice as a defense, this testimony was not proper.

The appellant made a motion for a directed verdict upon the ground that the undisputed evidence showed that the air conditioner, which the tenant had installed on the leased premises, was removed from the premises while rent was due, and the removal took place without the knowledge or consent of the landlord, and he had no notice or knowledge of the removal for a considerable time thereafter; that he was unable to find it after making inquiry of the respondent and was entitled to possession of it in order that he might enforce his landlord's claim for rent.

The respondent moved for a directed verdict upon the grounds that the Court was without jurisdiction to hear this case because the appellant claimed a landlord's lien for rent and his action to enforce such by way of distraint is in the exclusive jurisdiction of the Magistrate's Court; that the Claim and Delivery is not the proper procedure, under the facts here, to enforce such landlord's lien; and if there was any landlord's lien, it was not exercised.

The trial Judge held that since more than ten days had elapsed from the time that the air conditioning unit was removed from the rented premises, the appellant had no right to distrain, and that since the right to distrain did not exist, the appellant had no right to bring a Claim and Delivery action to secure possession of the property and, thereafter, distrain upon the same. He directed judgment in favor of the respondent against the appellant for the sum of $750.00, the agreed value of the air conditioning unit, with legal interest from June 4, 1958, the date when the appellant took possession of said unit.

The first question for determination, as stated by the appellant, is where a tenant, during the term, while the rent is in arrears, surreptitiously and without the landlord's knowledge or consent, removes from the premises equipment to which the landlord looked as security for the unpaid rent,

and conceals it from the landlord, is not the landlord entitled, upon discovering the whereabouts of the equipment more than ten days after its removal from the premises, to recover possession of it by claim and delivery proceedings?

At common law, a landlord had no lien upon the personal property of his tenant merely by the relationship but he did have the right of distress for rent in arrears whereby he could seize whatever movables he found on the premises and could hold them until rent was paid. A review of our statutory law, as is contained in Section 41-1 *et seq.,* of the 1952 Code of Laws of South Carolina, which defines the law relative to landlord and tenant and other occupancies of real estate and providing remedies in relation thereto, gives a landlord no lien on the personal property of his tenant. While the landlord has no lien on such personal property, yet Section 41-151 of the Code, preserves to him his right to distrain on such property for the collection of rent due. The right of a landlord to distrain is subject to the following conditions: (1) distress must be for rent only; (2) when the relation of landlord and tenant exists; (3) when the rent reserved is certain; (4) when the rent is in arrears; and (5) when the property belongs to the tenant in his own right. *Fidelity Trust & Mfg. Co. v. Davis et al.,* 158 S. C. 400, 155 S. E. 622. The landlord, having a right to distrain for rent in arrears, has no lien for such rent until he levies by distress therefor. *Ex Parte Stakley et al.,* 161 S. C. 278, 159 S. E. 622. The right of a landlord to distrain ordinarily does not create a lien, and this lien can only be acquired by an actual levy under a distress warrant made in conformity with the provision of the statute governing the same and while the goods are on the leased premises, and if the goods have been removed from the said premises, Section 41-156 of the Code, which provides that: "Any property belonging to the tenant removed from the premises shall, if found, be subject to distraint and sale, provided such distraint be made within ten days after such removal" is applicable. It is thus apparent that the only way by which a

landlord can obtain and perfect a lien for rent on the property of a tenant is by a distress warrant levied on the property liable for the rent while it is on the leased premises, or within ten days after its removal therefrom. Until a lien is thus obtained, the landlord's right thereto is inchoate. Since the appellant did not distrain upon the goods of the tenant while on the premises, or within ten days after the removal of such goods from the premises, his right so to do expired and was lost.

If the appellant had issued a valid distress warrant against his tenant for the past due rent and had attempted to levy upon the air conditioning unit while the same was upon the leased premises, or within ten days after its removal therefrom, and if the tenant, or respondent, had refused to permit such levy to be made or to surrender the possession of the air conditioning unit, pursuant to such distress warrant, then it would have been proper procedure for the appellant to institute a Claim and Delivery action to determine the landlord's right to the possession of such air conditioning unit. *Hamilton v. Blanton,* 107 S. C. 142, 92 S. E. 275, and *Rutland v. Paulling,* 173 S. C. 320, 175 S. E. 534. However, since we have found that the appellant had no right to distrain for the rent in arrears, he has no right to proceed under Claim and Delivery for the purpose of obtaining possession of the air conditioning unit. *Fidelity Trust & Mfg. Co. v. Davis et al., supra.*

The appellant asserts that George J. Boukedes, his tenant, and the respondent conspired to defeat his right of distraint by surreptitiously removing the air conditioning unit from the rented premises and concealing it in respondent's apartment house for several weeks. It was further alleged that the respondent, when inquiry was made of him by the appellant, in furtherance of such conspiracy denied any knowledge of the whereabouts of the air conditioning unit. The appellant takes the position that if he is denied the right to recover the air conditioning unit that was

wrongfully taken from the premises and thereafter concealed, he has no remedy. Lord Coke said "The law wills that, in every case where a man is wronged and endangered, he shall have a remedy." If the respondent knowingly, or wrongfully and fraudulently, removed the air conditioning unit from the rented premises and, thereafter, concealed same for the purpose of preventing a distress thereon for rent in arrears, then the landlord has a right of action against him for the damages sustained. 52 C. J. S., Landlord and Tenant, §§ 643 and 714. *Streetman v. Turner,* 32 Ga. App. 733, 124 S. E. 549. We preserve to the appellant the right to bring such action, if he be so advised. However, we express no opinion as to the merits of such.

The final question for determination relates to the form of the judgment rendered in favor of the respondent. The trial Judge found for the respondent, the defendant below, and ordered judgment against the appellant "for the sum of Seven Hundred Fifty & 00/100 ($750.00) Dollars, the agreed value of the air conditioning unit." Thereafter, the appellant moved to amend the aforesaid order, contending that the judgment in favor of the respondent should be for the return of the air conditioner, or if the same could not be had, for judgment for its agreed value. It is the position of the respondent that he did not seek the recovery of the air conditioning unit but only a money judgment. The trial Judge refused the motion of the appellant and error is asserted.

The respondent alleged in his counterclaim that he "is entitled to possession of the said air conditioner and was entitled to possession at the time it was seized pursuant to this Claim and Delivery action." It was also alleged in the counterclaim that at the time the air conditioner was seized it had an actual value of $750.00. It is true that the respondent did not ask for a return of the air conditioner in the prayer of his answer and counterclaim. It is elementary that a Claim and Delivery proceeding is an

action to determine the right to the possession of personal property. *Moore v. Sanders,* 114 S. C. 350, 103 S. E. 589. It is also elementary that the prayer of a complaint or counterclaim is no part thereof and cannot give character to it or fix the liability of the parties. *Williams v. Workman,* 113 S. C. 487, 101 S. E. 833; *Gardner v. Nash,* 225 S. C. 303, 82 S. E. (2d) 123. In *Sheppard v. Green,* 48 S. C. 165, 26 S. E. 224, it is said: "It is well settled that the plaintiffs may obtain any relief appropriate to the case made by the pleadings and evidence, without regard to the form of the prayer for relief."

Here, the respondent alleged that he was entitled to the air conditioner at the time he filed the counterclaim and was entitled to the possession thereof at the time it was seized by the appellant, and he also alleged that it had a value of $750.00. There is no doubt that the respondent asserted that he was entitled to the possession of the air conditioning unit. If the appellant was not entitled to the possession of the said unit, then it follows that the respondent was entitled to the possession thereof.

Section 10-1453 of the Code, provides:

"In an action for the recovery of specific personal property, if the property has not been delivered to the plaintiff or if it has, and the defendant by his answer claims a return thereof, the jury shall assess the value of the property, if their verdict be in favor of the plaintiff or if they find in favor of the defendant and that he is entitled to a return thereof, and may at the same time assess the damages, * * * which the prevailing party has sustained by reason of the detention or taking and withholding of such property."

Section 10-2516 of the Code, provides:

"In an action to recover the possession of personal property judgment for the plaintiff may be for the possession, for the recovery of possession or for the value thereof in case a delivery cannot be had and for damages, both punitive and actual, for the detention. If the property has been delivered

to the plaintiff and the defendant claims a return thereof judgment for the defendant may be for a return of the property or the value thereof in case a return cannot be had and damages, both actual and punitive, for taking and withholding the same."

Under the pleadings in this case, we think that the order of the trial Judge should have been in the alternative because the respondent claimed the right to possession and was entitled to a return of the property in dispute. The importance of an alternative finding is clearly pointed out in *Finley v. Cudd,* 42 S. C. 121, 20 S. E. 32, where the Court said:

"* * * It seems to us that the real object of the section of the Code under which this question arises is of a twofold character,—First, to protect the rights of the true owner to regain possession of his property in specie, if practicable; second, to save the party who may be innocently, but illegally, in the possession of the property of another from being compelled to pay such value as the jury may see fit to place upon the property, by giving him the alternative of returning the property to its rightful owner, and only paying such damages for its detention as may be determined to be proper. * * *"

We call attention to the following cases that have some bearing upon the question of whether the order of the trial Judge should have been in the alternative. *Robbins v. Slattery,* 30 S. C. 328, 9 S. E. 510; *Thompson v. Lee,* 19 S. C. 489; *Archer v. Long,* 32 S. C. 171, 11 S. E. 86; *Wilkins v. Willimon,* 128 S. C. 509, 122 S. E. 503.

We conclude that the appellant, not having distrained upon the air conditioner within ten days after its removal from the rented premises, could not maintain this Claim and Delivery action. We also conclude that the judgment rendered against the appellant in favor of the respondent was erroneous. The judgment should be modified by allowing the respondent to recover of the appellant the possession of

the air conditioner, or in the event possession cannot be had, its agreed value in the amount of $750.00.

It is the judgment of this Court that the judgment below be affirmed as modified herein.

TAYLOR, C. J., LEWIS and BUSSEY, JJ., and LEGGE, Acting J., concur.