66130. BROWN et al. v. CITIZENS & SOUTHERN NATIONAL BANK.

SHULMAN, Chief Judge.

Appellee sued appellants, husband and wife, and a banking institution (not a party to this appeal) for a conspiracy to defraud appellee. Appellee was a judgment creditor of Mr. Brown. When it attempted to put a lien on an automobile owned by Mr. Brown, it discovered that Mr. Brown was in the process of transferring title of the car to Mrs. Brown. Appellee prevented completion of the transfer and brought this action. The trial court directed a verdict on liability, and the jury returned a verdict totalling more than $45,000 in special damages, exemplary damages, and attorney fees.

1. Appellants' first enumeration of error is directed to the trial court's refusal to grant their motion for a directed verdict at the end of the plaintiff's case. The motion was based on a contention that

appellee had failed to prove that it was damaged in any way by appellants' allegedly fraudulent transfer of the automobile. We agree with the trial court that the motion was meritless. The evidence showed that appellee wished to impose a lien on the automobile in order to secure the payment of Mr. Brown's debt. A transfer of ownership to Mrs. Brown, against whom appellee had no judgment, would have deprived appellee of security in an amount equal to the value of the vehicle. Since the evidence showed that appellee was damaged, appellants were not entitled to a judgment as a matter of law and the trial court was correct in denying their motion. OCGA § 9-11-50 (Code Ann. § 81A-150).

2. Before submitting the case to the jury, the trial court granted appellee's motion for a directed verdict as to liability alone. That ruling is enumerated as error.

The basis for this lawsuit is OCGA § 18-2-22 (Code Ann. § 28-201), which reads in pertinent part as follows: "The following acts by debtors shall be fraudulent in law against creditors and others and as to them shall be null and void: . . . (3) Every voluntary deed or conveyance, not for a valuable consideration, made by a debtor who is insolvent at the time of the conveyance."

The Supreme Court has stated that the only facts which need to be shown to prove a conveyance from a husband to a wife is fraudulent in law are "the indebtedness, the insolvency of the debtor, and that the deed was voluntary." *Chambers v. C & S Nat. Bank,* 242 Ga. 498, 501 (249 SE2d 214). There was uncontradicted evidence establishing the indebtedness in this case, and the insolvency of the debtor was conclusively shown by the fact that he was in the process of obtaining a discharge in bankruptcy at the time of the conveyance. The voluntariness of the deed was shown by Mr. Brown's testimony to that effect and by testimony that there was no present consideration for the transfer of title. Under those circumstances, there was no error in granting a directed verdict against appellants on the issue of liability.

3. Citing *Universal C.I.T. Credit Corp. v. Smith,* 104 Ga. App. 323 (1) (121 SE2d 711), appellants contend the trial court erred in refusing to charge the jury that the correct measure of damages was the extent to which appellee's security interest in the car was diminished by the attempted transfer. What appellants ignore in arguing this issue is that appellee had no security interest in the property at all. At the time appellee sought to impose a lien on the Browns' automobile, it was unencumbered by any security interest. It follows that appellee could have levied on the vehicle, as long as the ownership remained in Mr. Brown, the judgment debtor, and recovered the entire value of the car. Since the trial judge did instruct

the jury that it could consider the value of the vehicle in computing special damages, and there was evidence from which the jury could determine the value of the car, we find no error in the charge to the jury.

4. Appellants' final two enumerations of error concern a juror whom appellants sought to have disqualified for cause. The ground asserted for disqualification was that the juror is a part owner of a business which has a banking relationship with appellee. Even assuming that the juror would be disqualified, we find no reversible error.

" 'Error must appear from the record sent to this court by the clerk of the trial court. [Cits.] The burden is on the party alleging error to show it affirmatively by the record. [Cits.]' " *Tab Sales, Inc. v. D & D Distributors,* 153 Ga. App. 779 (1) (266 SE2d 558). Appellants have not shown by the record that they exhausted all their peremptory strikes. Therefore, under the holding of this court in *Eco-Rez, Inc. v. Citizens Bank of Swainsboro,* 141 Ga. App. 90 (1) (232 SE2d 587), no cause for reversal has been shown.

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED SEPTEMBER 28, 1983 —
REHEARING DENIED OCTOBER 13, 1983 —

*Steven Schaikewitz,* for appellants.
*Franklin R. Nix, James W. Penland, Rufus T. Dorsey IV,* for appellee.