24307. TRAVELERS INSURANCE COMPANY *v.* GEORGIA POWER COMPANY.

DECIDED JUNE 14, 1935. REHEARING DENIED AUGUST 2, 1935.

*Neely, Marshall & Greene,* for plaintiff.
*Colquitt, Parker, Troutman & Arkwright,* for defendant.

GUERRY, J. This is an action brought by the Travelers Insurance Company against the Georgia Power Company, in two counts. The first count alleged that on June 13, 1927, E. C. Austin, while in the employ of the Metropolitan Life Insurance Company and while acting in the course of his employment, was permanently in-

jured by the negligent operation of a street-car of the defendant; the injury and the alleged negligence of the defendant being set out in detail. It was alleged further that the plaintiff in this action was the insurance carrier, under the workmen's compensation act, for the Metropolitan Life Insurance Company, and, by reason of its liability as insurance carrier, became liable to pay, and has paid to E. C. Austin, a named amount, sued for in this case, and that by reason of the provisions of the workmen's compensation act the plaintiff is subrogated to the rights of E. C. Austin and is entitled to recover from the defendant the amount of compensation so paid to E. C. Austin.

The second count makes the same allegations and further alleges, that, in November, 1927, the plaintiff gave the defendant due and legal notice that at the time of the injury Austin was an employee of the Metropolitan Life Insurance Company, and the plaintiff, as insurance carrier, was then paying and would be compelled to pay Austin compensation in a named amount, and plaintiff in said notice asked defendant not to make any settlement of the claim of E. C. Austin unless and until plaintiff's subrogation claim had been paid in full; that in reply to this notice defendant wrote plaintiff as follows: "This will acknowledge your letter in re E. C. Austin v. Georgia Power Company. Mr. Austin has filed suit against the company, Fulton superior court No. 73330. It is our present intention to defend this case to a definite conclusion. In the event of settlement we will notify you in order that you may take the proper steps to protect your rights under the subrogation clause of the compensation act." Plaintiff alleged that it relied on this promise to notify it of a settlement, but that, in disregard of its promise and agreement to notify, defendant entered into a settlement agreement with Austin on April 24, 1929, under which settlement defendant paid Austin $7250, and did not notify plaintiff, and plaintiff did not know of this settlement until the latter part of December, 1929; that this promise lulled the plaintiff into a sense of security, and its breach was such a fraud practiced upon the plaintiff as to toll the statute of limitations and prevent it from taking action in this case. The injury sued for occurred in June, 1927, and this suit was filed in 1930.

An examination shows that the allegations of negligence of the Georgia Power Company in the present case are identical with the

allegations of negligence as shown in the petition which E. C. Austin had filed in the superior court of Fulton county, and on which he had recovered a verdict. The evidence for the plaintiff shows that Austin filed this suit to recover for his alleged injuries on July 27, 1927, that he obtained a verdict in the sum of $12,000 against the Georgia Power Company in February, 1928, and that a new trial was granted, and the case came on to be tried again in April, 1929. On this trial in April, 1929, both sides announced ready, and a jury was procured, and a consent verdict in favor of Austin for $7250 was taken. Execution issued and the amount due thereon was paid by the Georgia Power Company to the sheriff of Fulton county. There was no evidence with reference to whether or not Austin, at the time of the injury, was an employee of the Metropolitan Life Insurance Company and that the injury arose out of and in the course of his employment, other than the approval by the Industrial Commission of a memorandum agreement entered into between the Metropolitan Life Insurance Company and E. C. Austin, in which the Metropolitan Insurance Company agreed to pay compensation to Austin as the result of an injury received by him while in its employ. The injury as shown by this agreement was caused by a collision with a street-car on June 13, 1927. A letter was sent by the plaintiff company to the defendant, in August, 1927, advising the defendant that the plaintiff was insurance carrier for the Metropolitan Life Insurance Company, and that E. C. Austin, an employee, was injured on June 13, 1927, under circumstances indicating liability of the defendant, and that it would claim to be subrogated to the rights of Austin in the matter. In November another letter was addressed to the attorneys for the defendant, advising that plaintiff had knowledge that a suit had been filed on the claim by Austin, and notifying defendant not to make any settlement with Austin until its subrogation claim had been taken care of, and "We do not know whether it is your intention to defend the suit or make some adjustment thereof. If you do effect a settlement *before the case is tried* (italics ours), we will be glad if you will let us know, so that we may protect our subrogation claim." The receipt of this letter was acknowledged, and two days thereafter the letter already quoted was sent to plaintiff. Upon motion the court directed a verdict in favor of the defendant. Plaintiff excepts to the overruling of its motion for a new trial.

There is an assignment of error on the refusal to strike an amended answer, but in view of what is here being decided we will not pass on this point.

Workmen's compensation liability arises out of a contract created by law and is limited in amount and is payable irrespective of negligence. It was not intended in curtailment of the common-law right of the employee to recover actual damages by reason of the tort committed on him by a third person, which damages are not limited to a fixed amount. There is no subrogation in favor of an employer or insurance carrier as against a tort-feasor, unless such right is expressly conferred by statute. The amount paid by the employer or insurance carrier is not for the benefit of the third person, but is a liability under a contract created by law, as between employer and employee. The liability of the one arises out of contract, the other out of tort. The employee, theoretically at least, pays for the protection offered him, in that his employer and the insurance carrier are to pay him for injury arising out of and in the course of his employment, irrespective of his own negligence, by limiting the amount of such recovery to a fixed sum irrespective of the extent of the injury. The relation between employer and employee is that of a contract created by law, in derogation of the common-law rights of each. The employer waives or acknowledges his negligence; the employee waives full compensation for damages suffered, provided the liability arises in favor of the employee by reason of an accident arising out of and in the course of his employment. Prior to the amendment to the workmen's compensation act (Ga. L. 1922, p. 185-6), this court in the case of *Atlantic Ice & Coal Co.* v. *Wishard,* 30 *Ga. App.* 730 (119 S. E. 429), held that there was no subrogation as between employer and independent tort-feasor. The amendment is as follows: "When an employee receives an injury for which compensation is payable under this title, which injury was caused under circumstances creating a legal liability in some person other than the employer to pay damages in respect thereto, the employee or beneficiary may institute proceedings both against that person to recover damages and against the employer for compensation, but the amount of compensation to which he is entitled under this title shall be reduced by the amount of damages recovered. If the employee or beneficiary of the employee in such case recovers compensation under this title, the em-

ployer by whom the compensation was paid, or the party who was called upon to pay the compensation, shall be entitled to reimbursement from the person so liable to pay damages as aforesaid, and shall be subrogated to the right of the employee to recover from him to the extent of the compensation." Code of 1933, § 114-403. The term "legal liability" as here used means a liability which may be enforced in a court of competent jurisdiction. The statute does not increase the liability of the alleged tort-feasor nor does it diminish any common law rights belonging to the injured party as to third parties. In some States it has been held that the compensation act abolished the common-law right of the employee against a third party causing that injury, when the employee, employer, and third party are subject to the provisions of the act. See, in this connection, Freibel v. Chicago City Ry. Co., 280 Ill. 76 (117 N. E. 467). "An employee can not sue a third party negligently injuring him, . . . his right being subrogated, that is, transferred to the employer." Stackpole v. Pacific Gas & Electric Co., 181 Cal. 700 (186 Pac. 354) ; O'Brien v. Chicago City Ry. Co., 305 Ill. 244 (137 N. E. 214). In the Georgia statute no such limitation is set out, but on the contrary it is expressly provided that the employee may take action against both the employer under the compensation act and against the party causing the injury under the common-law right of action. It provides however that the employer or its insurance carrier may be entitled to a credit on the amount due under the compensation act to the employee by the terms of the compensation act, and, in the event that amount has already been paid to the employee by a third person causing such injury, that such sum so paid, to the extent of the liability of the employer or insurance carrier, may be recovered from the employee by the employer or insurance carrier, in an action for money had and received. The act also provides that the employer may be indemnified by the person so liable up the amount it has paid under the compensation act either in an action brought in its own name, or in case of suit by employee against such third person liable for damages, by an intervention in such suit or such other process as may be expedient. The phrase "shall be entitled to indemnity," under the definition of "indemnity" given in Webster's International Dictionary, means entitled to "reimbursement, restitution, or compensation," and this reimbursement, restitution, or compensation from the person so

liable to pay damages means that the employer or insurance carrier is subrogated to the rights of the employee, and, as the statute puts it: "shall be subrogated to the rights of the employee to recover therefrom to the extent of the compensation." There is no division of the claim. The right of action for the entire amount still exists in the employee, subject to the right of the employer to be recompensed for the amount of compensation he may have paid, which amount may be recovered from the third party causing the injury, in the first place, or from the employee himself where the third party has already made full settlement with such injured employee. There is no duty on such third party to see that a fund paid into court by him in settlement of a judgment obtained against him be prorated as between employee and employer or insurance carrier. A tort-feasor owes but one claim, and, after a judgment has been obtained and the same is satisfied, no further cause of action arises as against such tort-feasor in favor of any other person.

The case of Southern Surety Co. *v.* Chicago &c. Ry. Co., 187 Iowa, 357 (174 N. W. 329), is almost identical in facts with the case at bar. That case was a suit brought by an insurance carrier against a third person who, it was alleged, had caused an injury to an employee, for which the insurance carrier was being compelled to pay compensation. It appeared from the petition, that the employee had already proceeded against the defendant and recovered the full amount of his damages. A demurrer was sustained to the suit and was affirmed by the Supreme Court of Iowa. In the opinion it was said: "In an action at common law, the injured party is entitled to recover all that the common law recognizes as proper to be recovered in suits of that kind. . . The obligation of the wrongdoer is the same as if there were no workmen's compensation act. . . The wrongdoer must discharge its entire obligation to the injured party. . . If it does this, the injured party is made whole. .. . There is but one wrong, there can be but one recovery. At the time this action was commenced this defendant owed Whitney nothing. It had made full reparation for the wrong it had done. There were no rights left Whitney against this company to which the plaintiff or employer could be subrogated. There was one action to recover for the wrong. There can not be another."

In the case at bar Austin has recovered a verdict for the full amount of the damage done him. He has no further rights against

the Georgia Power Company to which plaintiff is subrogated. An intervention by the plaintiff before the final determination of the suit would have protected its rights. It is entitled, under the act, to recover of Austin any sum which Austin may have collected for its benefit or to which it may be legally entitled. The plaintiff's right to subrogation, or to be reimbursed or indemnified, or to compensation was dependent on Austin's right to damages. When the Georgia Power Company paid Austin in full, unless such payment was made under circumstances which amounted to a fraud on the plaintiff, it discharged all of its obligations. See *Branch* v. *Georgia Casualty Co.*, 39 *Ga. App.* 319 (147 S. E. 144). The circumstances shown by the evidence do not amount to such a fraud. While it is not necessary to pass on the ruling of the trial court with reference to the statute of limitations, it is apparent from the record that the suit was filed more than two years after the occurrence of the injury. The plaintiff knew the employee was proceeding in a suit against this defendant, and it made no effort to protect its legal rights other than to ask defendant to notify it in case a settlement was effected before the case was tried. This the defendant promised to do. The case was tried twice, and plaintiff took no steps to protect its rights. It can not be insisted that the promise made by the defendant as shown by the letters quoted and its conduct afterwards amounted to such fraud (moral turpitude) as would prevent the running of the statute. If under the facts of the case a private settlement had been made, it might have afforded an issue for a jury to pass upon. No such settlement was made. The payment of the judgment in favor of Austin by the defendant prevented any further action against it.

*Judgment affirmed. Jenkins, P. J., and MacIntyre, J., concur.*