46486. BROWN v. TRAVELERS INDEMNITY COMPANY.

Whitman, Judge. Defendant-appellant, Edward R. Brown, appeals the grant of a motion for summary judgment to Travelers Indemnity Co. and enumerates the same as error.

Travelers, a workmen's compensation insurer, alleged in its complaint against Brown that it had provided workmen's compensation insurance to Brown's employer and had under such insurance paid Brown a certain amount in compensation awards for injuries he received in an automobile collision while in the course of his employment. Travelers further alleged that Brown also instituted a negligence action against one Warren Johnson and Holloway Tire Company to recover for the injuries he received in the above mentioned collision; that he obtained a judgment therein; that Travelers, in accordance with *Code Ann.* § 114-403, had notified Johnson, Holloway Tire Co., and Brown of its subrogation claim to the extent of the workmen's compensation awards it had paid; but that Brown has failed and refused to make payment out of his net recovery for said amount. *Held:*

The question in the case is one of notification. Brown claims he was not notified of any subrogation interest by Travelers. Travelers contends otherwise.

The evidence presented on behalf of Travelers includes a file copy of a letter, the contents of which are without doubt sufficient notice of a subrogation claim under *Code Ann.* § 114-403. But Brown by affidavit denies he ever received any such letter, and further contends that the file copy upon which Travelers relies shows that the original was addressed to Warren Johnson with

mere copies to Holloway Tire Co. and himself. A Travelers employee by affidavit identified the communication and swears that Brown's copy was properly addressed, stamped and mailed. Notwithstanding the question of fact over this particular communication, the record contains copies of other letters from Travelers to the attorney who represented Brown in his negligence action. These letters address themselves to the status of Brown's case and to Travelers' subrogation interest therein. These letters were acknowledged by Brown's attorney, which acknowledgments are also in the record.

"Notice to an attorney is notice to the client employing him, and knowledge of an attorney is knowledge of his client, when such notice and knowledge are obtained by the attorney in and about the subject matter of his employment." *Citizens Bank of Vidalia v. Citizens & So. Bank,* 160 Ga. 109 (4a) (127 SE 219); *Code* § 4-309. In our view the contents of these letters are well within the subject matter of the attorney's agency.

The record shows that written notice as required by *Code Ann.* § 114-403 was given well prior to satisfaction of judgment and therefore timely. *Hartford Acc. &c. Co. v. Tolison,* 118 Ga. App. 660 (165 SE2d 192).

The trial court did not err in granting plaintiff's motion for summary judgment.

*Judgment affirmed. Hall, P. J., and Eberhardt, J., concur.*
SUBMITTED SEPTEMBER 17, 1971—DECIDED OCTOBER 5, 1971.

*Bobby G. Beazley,* for appellant
*Hull, Towill, Norman, Barrett & Johnson, Douglas D. Batchelor, Jr.,* for appellee.