46702.  CHEEK v. J. ALLEN COUCH & SON FUNERAL HOME et al.
46703.  ROYAL GLOBE INSURANCE COMPANY v. ATLANTA BOTTLING COMPANY et al.

Submitted November 3, 1971—Decided January 10, 1972—
Rehearing denied February 9, 1972.

*Beryl H. Weiner, Rose M. Higby,* for Cheek.

*Swift, Currie, McGhee & Hiers, Guerry R. Moore,* for Royal Globe and Couch.

*Long, Weinberg, Ansley & Wheeler, Sidney F. Wheeler,* for Atlanta Bottling Co.

EBERHARDT, Judge. ■ It is conceded that since J. Allen Couch & Son Funeral Home was not called upon to pay any part of the workmen's compensation to Mr. Cheek, it has no right of subrogation. Thus as to it the defendant's motions for summary judgment were good and should have been sustained. *Southern R. Co. v. Overnite Transportation Co.,* 225 Ga. 291 (168 SE2d 166). As to this matter the judgments are reversed.

■ *The Cheek Appeal.* It is urged that the motion should have been sustained as to plaintiff Royal Globe Insurance Company because the petition fails to allege that it was the party who, in fact, paid the compensation. This ground is without merit. Attached to the petition as an exhibit is a copy of the letter directed to Dr. Pepper Bottling Company, with copies to Mr. Cheek and to Aetna, asserting that "our company provides workmen's compensation for J. Allen Couch & Son, employer of Mr. L. C. Cheek," giving notice of its claim against any settlement that might be made or judgment that might be obtained, and offering to provide information as to the amount of compensation paid to Mr. Cheek upon request. If the allegation were a requisite this exhibit suffices. Moreover, in his brief to the trial judge in support of the motion Mr. Cheek admits that "Royal Globe paid defendant Cheek $1,292.02 for lost wages and some medical payments." Subrogation rights extend to the medical payments as well as to compensation for lost wages.

*Western Union Telegraph Co. v. Smith,* 50 Ga. App. 585 (178 SE 472).

■ It is contended that there was a failure to comply with the provisions of *Code* § 114-403, as amended, in giving notice of the claim of subrogation rights. This contention is also without merit. Mr. Cheek urges that the letter of January 23, 1967, was insufficient as compliance because it was addressed only to Dr. Pepper, with copies to David Hughes, Aetna and Cheek, bearing no letterhead and signed only by B. J. Carlton. Mr. Cheek does not deny receiving the copy of the letter—he simply urges that it was insufficient to meet the statutory requirements of notice. We cannot agree. While the carbon copies apparently did not bear a letterhead, they were signed "Claims & Loss Dept., by B. J. Carlton, Manager," and, as stated above, asserted that "our company" provided the compensation payments to Cheek. Since Mr. Cheek received the payments he must know from whom they came. We think the letter and copies constituted adequate notice of the claim. Cf. *Brown v. Travelers Indem. Co.,* 124 Ga. App. 542 (184 SE2d 504).

■ It is contended that the suit was brought in the name of Royal Globe Insurance Company, while the undisputed testimony shows that the compensation payments were made by Globe Indemnity Company, and thus that the motion was good. In the record is an affidavit from B. J. Carlton, the claims manager for Globe Indemnity Company, who asserts that Royal Globe Insurance Company is a trade name used by Globe Indemnity Company and several others of a group which are commonly operated, and that Globe Indemnity was the company providing the compensation coverage to Mr. Cheek's employer.

A suit may be brought in the trade name if it imports a legal entity, and Royal Globe Insurance Company certainly does that. *John L. Hutcheson Memorial Tri-County Hospital v. Oliver,* 120 Ga. App. 547 (171 SE2d 649). The correct corporate name may be substituted by amendment at any time before judgment, since it affirmatively appears that Royal Globe is not a separate corporation, but a trade name

only. *Robinson v. Reward Ceramic Color Mfg., Inc.,* 120 Ga. App. 380 (2) (170 SE2d 724). See also *Atlanta Veterans Transp., Inc. v. Westmoreland,* 123 Ga. App. 466 (181 SE2d 504). It is to be remembered, too, that in his brief in support of the motion Cheek admitted that "Royal Globe" had paid the compensation to him. Consequently, even without any amendment or correction of the name it would appear that this ground of the motion is without merit.

■ It is urged as a ground of the motion that the claim is barred by the statute of limitation, it appearing that the judgment which Cheek obtained was rendered September 10, 1969, and was paid and satisfied September 29, 1969, while the instant suit was filed October 14, 1970, more than a year later.

It does not appear that the statute giving rise to the claim of subrogation (*Code* § 114-403, as amended) carries any limitation as to when a suit may be brought to enforce the right.

Appellant urges that the appropriate limitation is found in *Code* § 67-2401 (2), but we do not agree. In this statute it is provided that "Liens on personal property, other than mortgages, when not otherwise provided, shall be foreclosed in accordance with the following provisions: . . . (2) It must be prosecuted within one year after the debt becomes due." If § 114-403 did no more than provide a lien upon the judgment or settlement obtained by one to whom compensation had been paid, and the suit were seeking no more than a foreclosure of the lien, this position might be sound. But § 114-403 does two things—it provides a right of *subrogation* to the party who has been obliged to pay the compensation, and in addition provides a *lien* on the judgment or settlement, which is in the nature of a security for the money to which the right of subrogation exists. Foreclosure of the lien is not the only remedy available; the holder of the subrogation right may, as was done here, sue upon that right, just as the holder of a chattel mortgage might sue on the debt without foreclosing the lien.

Nor, in this respect, do we find similarity between this

situation and that in *Code Ann.* § 67-2207 et seq., providing to a hospital for its charges for care and treatment, a lien upon the cause of action which a patient suffering from injuries may have against another. In that statute provision is made for a recording of the claim for lien, and, unless a proper affidavit is obtained that the hospital charges have been paid, it makes all persons who may be liable for the payment of damages liable to the hospital to the extent of its claim (but not beyond the extent of liability for damages), whether named in the claim for lien or not, and whether the cause of action or claim for damages is settled by receipt, covenant not to sue or the payment of a judgment. The hospital statute provides that an action to foreclose the lien must be brought within a year from the time liability is determined by settlement or by judgment. But no right of subrogation is provided under it. That statute has no application here.

We conclude that an appropriate statute relative to a limitation of time for bringing the action for the enforcement of subrogation rights under *Code Ann.* § 114-403 is that for money had and received under *Code* § 3-706, for we have held that this is a basis for enforcing the right. *Knight v. Shelby Mut. Ins. Co.,* 110 Ga. App. 149 (137 SE2d 925). See also *Travelers Ins. Co. v. Ga. Power Co.,* 51 Ga. App. 579 (1c) (181 SE 111). Thus, an action brought within four years from the date of the satisfaction of the judgment is timely.

Under the facts here it appears that when Mr. Cheek obtained the funds from the sheriff he became a trustee ex maleficio thereof to the extent of Royal Globe's claim. *Code* §§ 108-106 (2), 108-107, 108-423; *Jenkins v. Lane,* 154 Ga. 454 (4) (115 SE 126). As such he is liable to Royal Globe, and the appropriate statute of limitation as to him, found in *Code* § 3-709, is 10 years, the time beginning to run when knowledge of the settlement of the fi.fa. came to Royal Globe. *Code* § 3-807.

■ *The Appeal of Atlanta Bottling Company and Aetna Casualty & Surety Company.* These appellants also assert

that the letter of January 23, 1967, directed to Dr. Pepper Bottling Company (a trade name for Atlanta Bottling Company) was insufficient to comply with the requirements of § 114-403, because "it was written by one B. J. Carlton, manager of an unidentified insurance carrier's Claims and Loss Department." The original of the letter was addressed to Dr. Pepper, and in answer to interrogatories it admitted receiving the letter, as did Aetna. That there was no doubt as to the identity of the party writing the letter and giving the notice is certain from the reply by Charles E. Farmer, Claims Representative of Aetna, directed to Royal Globe Insurance Company, acknowledging receipt of the letter and stating to it that "we are the carriers for Atlanta Bottling Corporation. This writer is in charge of the above captioned loss. We have not been able to conclude the claim on Mr. L. C. Cheek at this time. We will advise you when this claim is brought to conclusion."

■ Atlanta Bottling Company contends that the settling of the fi. fa. by payment to the sheriff of the amount of the judgment relieves it of any liability to Royal Globe. We do not agree. It had received the notice of and was fully aware of Royal Globe's claim long before the fi. fa. was settled. It could not destroy Royal Globe's right of subrogation simply by paying the money over to the sheriff. *Brown v. Travelers Indem. Co.*, 124 Ga. App. 542, supra. Certainly it should have given Royal Globe notice and opportunity to take some action to protect its rights in the fund before paying it over to the sheriff for settling the judgment. Royal Globe had a lien against the fund and judgment, and the tortfeasor, its carrier and the plaintiff in fi. fa. all knew it.

Failure to perform the duty of giving notice to Royal Globe that Cheek had obtained a judgment and that it was to be settled by making payment to the sheriff, so that Royal might take appropriate action to protect its lien, as for example, by garnishment or by rule against the sheriff while the funds were yet in his hands, operates as an estoppel against Atlanta Bottling Company and its carrier,

Aetna Casualty & Surety Company, to assert a settlement of the judgment, and renders them, together with Cheek, liable to Royal Globe. *Code* §§ 38-409, 38-114. "The books are full of instances where parties were estopped though they were speechless at the time. Indeed, silence, when the occasion calls for utterance, is a frequent ground of estoppel." *Smith v. Jones,* 185 Ga. 236, 241 (194 SE 556). "Where one under a duty to speak fails to do so, he is thereafter estopped to deny what his silence imports." *Smith v. Folsom,* 190 Ga. 460, 472 (9 SE2d 824). It may be a fraud. "A failure to speak is fraud by silence, where one uses silence for the purpose of gaining an unconscionable advantage over another by concealing for his own benefit information which in equity and good conscience should be communicated." *Reeves v. Williams & Co.,* 160 Ga. 15 (1) (127 SE 293).

It is like unto a sale of mortgaged property by the mortgagor to a purchaser who knows of the mortgage and places the property beyond the reach of the mortgagee. Cf. *Harris v. Grant,* 96 Ga. 211 (23 SE 390); *Benton v. McCord,* 96 Ga. 393 (23 SE 392); *Todd v. Hurst Supply Co.,* 17 Ga. App. 98 (86 SE 255); *Johnston v. Crawley,* 25 Ga. 316 (4) (71 AD 173).

It is like unto the payment by a debtor of a fund to his creditor after notice of an assignment of the fund or a part thereof by the creditor to a third party. *Graham v. Southern R. Co.,* 173 Ga. 573, 580 (161 SE 125, 80 ALR 407).

It is like unto the settlement directly with the claimant of a claim in which the claimant's attorney has a contingent fee, without the attorney's knowledge or consent. *Walker v. Equitable Mortgage Co.,* 114 Ga. 862, 866 (40 SE 1010); *Fincher v. Stanley Elec. Mfg. Co.,* 127 Ga. 362 (56 SE 440); *Ga. R. &c. Co. v. Crosby,* 12 Ga. App. 750 (78 SE 612). Cf. *Studdard v. Evans,* 108 Ga. App. 819 (135 SE2d 60).

These situations are not, in all respects, identical to that with which we deal here, but there is a principle running like a thread through the fabric of them all.

Any other position would render the provisions of *Code Ann.* § 114-403 to be of little or no benefit to one who has paid the workmen's compensation, for whose benefit the statute was enacted, and we will not so construe it. Cf. *Murphy v. Holman,* 179 Ga. 329 (176 SE 5).

Appellees also contend that the notice was defective in that it did not specify that the party giving notice was "required to make such [compensation] payments." While this language was not used in the letter, it did specify that the notice was given "pursuant to section 114-403 of the Georgia Workmen's Compensation Act." The letter was accepted with assurance from Aetna that Royal Globe would be informed when the claim of Mr. Cheek against Dr. Pepper Bottling Company should be concluded. There was no complaint of inadequacy of the notice or of lack of information by Aetna, Atlanta Bottling Company, or Cheek. The letter was adequate to give the statutory notice, and it was in substantial compliance with the statute.

Royal Globe took proper and appropriate action in complying with the statute by giving notice of its claim, thereby placing itself in position to assert its claim "in a legal manner." If it had not done so, satisfaction of the judgment would have relieved these appellants. *Travelers Ins. Co. v. Ga. Power Co.,* 51 Ga. App. 579, supra.

■ The contention that Royal Globe Insurance Company did not pay the compensation to Cheek, and thus can have no right of subrogation, is without merit. We have already pointed out that this was a trade name for Globe Indemnity Company, as the uncontradicted evidence discloses. It is uncontradicted that Globe Indemnity Company did pay the compensation.

It is asserted that the affidavit of B. J. Carlton on this matter is made "on information and belief" and thus cannot be considered on summary judgment under *Code Ann.* § 81A-156 (e) and cases construing it. If this were true the position of appellants would be sound, and there would be no acceptable proof that Royal Globe Insurance Company was a trade name of Globe Indemnity Company, which

actually paid the compensation. But an examination of Mr. Carlton's affidavit discloses that the contrary is true. He states his position with the company (claims manager) and asserts that he "has knowledge" of the operations of Royal Globe Insurance Company and that it is a trade name for Globe Indemnity Company and others operating as a group; that Globe Indemnity Company is licensed to do business in Georgia; and that it was the compensation carrier for J. Allen Couch & Son Funeral Home. Nowhere in his affidavit does he assert that it is made on "information and belief."

All other matters urged in this appeal have been dealt with in our disposition of the Cheek appeal.

Except as to the matter dealt with in Division 1 it was proper to deny the motions for summary judgment. The facts appearing do not demand or even, authorize a judgment for the appellants.

*Judgments are reversed as to J. Allen Couch & Son Funeral Home for the reason stated in Division 1, and otherwise reversed in No. 46703 as to the granting of the motions of Atlanta Bottling Company and Aetna Casualty & Surety Company, and affirmed in No. 46702 as to the denial of the motion of Cheek. Hall, P. J., and Clark, J., concur.*