64255. BARKER v. CENTURY 21-ATLANTA EAST REALTY, INC.

BANKE, Judge.
The plaintiff obtained a favorable verdict in a suit to recover a real estate commission, and the defendant appeals. *Held:*
1. The trial court did not err in allowing the plaintiff to amend its complaint to substitute its correct corporate name, "Atlanta East Realty, Inc.," for the trade name in which it originally filed and prosecuted the suit, "Century 21-Atlanta East Realty, Inc." "A suit may be instituted in the trade name of the plaintiff if it imports a legal entity . . . Plaintiff's correct corporate name may be substituted at any time before judgment." *Cheek v. J. Allen Couch & Son Funeral Home,* 125 Ga. App. 438, 439 (4) (187 SE2d 907) (1972).
This court's decision in *Cook v. Computer Listings,* 137 Ga. App. 526 (224 SE2d 501) (1976), is not authority for a different result, as in that case, as well as the cases cited therein, the name in which the plaintiff originally prosecuted the suit did not import a legal entity. The name "Century 21-Atlanta East Realty, Inc.," on the other hand, does import a legal entity. Compare *Russell v. O'Donnell,* 132 Ga. App. 294 (2) (208 SE2d 107) (1974). Accord, *Cheek v. J. Allen Couch*

*&c.,* supra.

2. The plaintiff's real estate brokerage license was not invalid because it was issued in the trade name rather than in the proper corporate name. The code section governing applications for such licenses specifically states that the application shall set forth "the name and address of the applicant *or the name under which he intends to conduct business . . .*" (Emphasis supplied.) Code Ann. § 84-1409 (a).

3. The defendant contends that because the plaintiff failed to prove that its trade name was properly registered, court costs should have been cast against it pursuant to Code Ann. § 106-303. That code section provides, in pertinent part, as follows: "[T]he party who has failed to register his trade or partnership name at the time suit is filed, as required by this Chapter, shall be cast with court costs."

The evidence in this case does not disclose whether the plaintiff's trade name was properly registered or not, and the statute places no burden on the party using the trade name to prove that it has been registered. Consequently, the record does not affirmatively establish that the court erred in casting costs against the defendant. Compare *Bancroft v. Conyers Realty Co.,* 63 Ga. App. 106 (5) (10 SE2d 286) (1940). See generally *Rambo v. Fulton Fin. Corp.,* 145 Ga. App. 791 (245 SE2d 12) (1978).

4. It does not appear to this court that all of the issues raised by the defendant were without arguable merit. Consequently, the plaintiff's motion for imposition of damages pursuant to Code Ann. § 6-1801 for filing a frivolous appeal is denied. See generally *Associated Distributors v. Strozier,* 144 Ga. App. 205 (3) (240 SE2d 761) (1977).

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED JULY 6, 1982.

*Paul H. Kehir, James F. Baker,* for appellant.
*Jeffrey M. Starnes, John A. Nix,* for appellee.