A90A0436. MASSEY v. THOMASTON FORD MERCURY.
(395 SE2d 663)

COOPER, Judge.

Appellant purchased a truck from appellee. The sales contract recited that the truck was equipped with a radio, air conditioning and power steering, however, these features were never installed. Six months later the truck was destroyed by fire, and nearly a year after purchase, appellant sent appellee a demand for relief pursuant to OCGA § 10-1-399 (b) of the Fair Business Practices Act which complained that the truck lacked the features listed above and alleged that the fire was caused by an electrical defect, which appellee failed to correct. The demand advised that appellant could correct the "misrepresentations" by refunding the purchase price and by paying an additional $6,000 which represented appellant's loss of use of the vehicle, missed work days and fire damage to another's driveway. When appellee did not tender payment, appellant brought an action for breach of contract and a violation of the Fair Business Practices Act. Appellant did not allege an electrical defect in the complaint. Both parties filed motions for judgment on the pleadings, and the trial court denied appellant's motion and granted appellee's motion. The trial court did not exclude affidavits submitted by both parties in its consideration of the motions, therefore, the motions shall be treated as motions for summary judgment. OCGA § 9-11-12 (c).

1. Appellant enumerates as error the trial court's grant of sum-

mary judgment to appellee arguing that genuine issues of fact remain as to whether or not appellee violated the Fair Business Practices Act by presenting a retail installment contract which misrepresented the vehicle purchased. Appellant also contends that appellee did not assert a legally sufficient defense. " 'A claimant who alleges the FBPA was violated as the result of a misrepresentation must demonstrate that he was injured as the result of the reliance upon the alleged misrepresentation. Therefore, under (OCGA § 10-1-399) when the alleged violation of the FBPA is a misrepresentation, the claimant is not entitled to recover if he had an equal and ample opportunity to ascertain the truth but failed to exercise proper diligence to do so.' [Cits.]" *Delta Chevrolet v. Wells*, 187 Ga. App. 694 (2) (371 SE2d 250) (1988). It is undisputed that appellant understood that he was buying a vehicle without a radio, air conditioning and power steering; that the truck was thoroughly inspected at the time of purchase; that it was in appellant's exclusive possession from the date of purchase until the fire; and that it was driven for approximately 8,000 miles during which time appellant never indicated a desire to reject the vehicle, nor did he request a radio, power steering or air conditioning of appellee. The evidence indicating that any damage appellant may have suffered "must be charged to [his] lack of diligence and not to [his] reliance upon any misrepresentation, [he has] not suffered any damage 'as a result of' a violation of the FBPA." *Zeeman v. Black*, 156 Ga. App. 82, 89 (273 SE2d 910) (1980).

" ' "Ordinarily the question whether the complaining party could have ascertained the falsity of the representations by proper diligence is for determination by the jury." [Cit.]' However, in the instant case [appellant's] failure to exercise proper diligence appears as a matter of law." *Zeeman*, supra at 87. Accordingly, the trial court did not err in granting summary judgment to appellee and in denying appellant's motion.

Appellee contended appellant's claims were also barred by OCGA § 11-2-606 which provides that goods are deemed accepted when, after a reasonable time for inspection, the buyer does not notify the seller of an intention to reject and OCGA § 11-2-607 which provides that failure to notify a seller within a reasonable time after a buyer discovers a breach bars his recovery. In *Romedy v. Willett Lincoln-Mercury*, 136 Ga. App. 67 (1) (220 SE2d 74) (1975), an action for breach of contract, we held the trial court did not err in directing a verdict in favor of a seller where the buyer failed to inspect a vehicle for four to five days and failed to notify seller of the alleged breach for three weeks. In the instant case, the undisputed evidence reveals that appellant waited a year before notifying appellee of the absence of certain features, which in the normal operation of the vehicle could not be ignored. Accordingly, appellant's claim for breach of contract

is barred. *Romedy*, supra.

2. Appellant contends the trial court erred in considering appellee's affidavit containing inadmissible parol evidence. Appellee argues that the terms radio, air conditioning and power steering were mistakenly included in the contract and attempted to explain via the affidavit how they were entered during the preparation of the contract. Appellant maintains that the statement is inadmissible to contradict or vary the terms of a valid written contract. We have concluded above that appellant's recovery is barred because he did not demonstrate detrimental reliance or timely notification. " '(O)nce a party in the position of a defendant who is a movant for summary judgment pierces the pleadings of one in the position of a plaintiff and shows to the court that one essential element under any theory of recovery is lacking and incapable of proof, the defendant is entitled to summary judgment as a matter of law irrespective of any issues of fact with regard to other essential elements.' [Cit.]" *Adler's Package Shop v. Parker*, 190 Ga. App. 68, 72 (378 SE2d 323) (1989). The order entered by the trial court does not indicate what the court considered in rendering its decision, however, if the affidavit was considered, based on the foregoing, that consideration was of no significance.

3. Appellant argues that appellee denied the existence of the contract in its response to appellant's request for admissions and production of documents while referring to it in the affidavit accompanying the motion for judgment on the pleadings. He contends that the court erred in failing to construe these contradictory statements against appellee. A review of the record reveals, however, that appellee has not contradicted itself but merely disputed appellant's various characterizations of the contract.

*Judgment affirmed. Banke, P. J., and Birdsong, J., concur.*

DECIDED JULY 10, 1990.

*Pamela M. Richards*, for appellant.
*Richard T. Bridges*, for appellee.