## A98A2107. INDIAN RIVER DISTRIBUTORS, INC. v. SAVANNAH BUSINESS SYSTEMS, INC.

### (514 SE2d 468)

RUFFIN, Judge.

Savannah Business Systems (SBS) sued Indian River Distributors and its president, Roy Newsome, seeking damages for breach of contract.[1] The trial court granted SBS' motion for summary judgment, and Indian River appeals. Because SBS was entitled to recover damages as a matter of law, we affirm.

As an initial matter, we note that Indian River failed to file a separate enumeration of errors as required by Court of Appeals Rule 22 (a). This Court does not look with favor upon one who fails to follow the rules of this Court. We remind Indian River that failure to comply with this Court's rules may "subject[ ] the offending party and/or attorney to contempt and may subject the appeal to dismissal or cause [appellant's] brief to be stricken." Court of Appeals Rule 7; see also *Leslie v. Williams*, 235 Ga. App. 657, 663 (510 SE2d 130) (1998) (Ruffin, J., dissenting). Nevertheless, we elect to address the enumeration of error as framed by Indian River in its brief. However, we do not elect to address any issues not specifically raised by Indian River in the enumeration and addressed in the argument section of its brief.

1.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

*Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

Viewed in the light most favorable to Indian River,[2] the nonmoving party, the record shows that since 1984, SBS has provided Indian River with computer goods and services, which have been used in the

---

[1] The trial court granted summary judgment to Newsome, and plaintiff has not appealed this ruling.

[2] We note that in its brief Indian River has also failed to comply with this Court's Rules 27 (a) (1) and (c) (3) (i). Indian River cites to the record only once in its statement of facts and has completely failed to cite to the record in its argument. Indian River has also cited no authority whatsoever in the argument section of its brief. However, it is within our discretion to reach the merits of the case, and we do so here only because the record is short and SBS has provided ample and accurate citations to it.

operation of Indian River's business, Specialty Merchandise Distributors (SMD). From August 1988 through September 1996, SMD paid SBS $90 a month for service and support of its computer system. During this time period, SBS also provided SMD with additional computer goods. According to SBS' president, Stephen Sacks, until 1993 SMD always paid for these goods upon SBS' submission of an invoice. In fact, Indian River states that it "always accepted at face value any invoice or bill that [SBS] presented to it." However, the parties never signed a formal contract or any purchase orders.

In March 1993, Sacks submitted a proposal to replace SMD's existing computer system with a more extensive network system. According to Sacks, Newsome gave him verbal permission to install the new computer system pursuant to this proposal. In July and August 1993, after several months of adapting a new computer network to SMD's unique business needs, SBS installed a substantial portion of the new computer system.

In September 1993, following SBS' submission of a written proposal dated September 7, 1993, SBS also installed a desktop publishing computer system at SMD. On October 6, 1997, SBS submitted an invoice for the amount $23,035 for the costs of SBS' services, the new computer network and the desktop publishing system. SBS submitted and resubmitted this invoice to Indian River, which Indian River has not paid. According to Sacks, Indian River never rejected the goods or complained about them. In fact, Indian River used the computer equipment provided by SBS as collateral to secure a loan in the amount of $23,000. Indian River admits that it received a "substantial" amount of computer equipment and software from SBS and "that it derived some benefit therefrom," but contends that SBS did not provide everything listed on its invoice and that SBS over-billed SMD for the goods provided.

In response to SBS' motion for summary judgment, Indian River produced the affidavit of Edward Reece, the owner and CEO of Pioneer Micro Systems, who investigated Indian River's computer system approximately four years after SBS installed it. According to Reece, he "found a number of discrepancies between what was billed for on the invoice, and what was actually there." In addition, Reece compared the invoice prices to what he considered "fair market prices at the time [SBS] allegedly installed or provided its computer system for [SMD]" and found that the "invoice was at least $3,814.25 higher than it should have been."

Indian River, without citation to any authority, contends that the trial court erred in granting summary judgment to SBS. Specifically, Indian River claims that it was not required to pay the invoice at issue because (1) the prices SBS charged for its new computer networking system and related services were greater than fair mar-

ket value; (2) all of the computer software and hardware outlined in SBS' invoice was not delivered; and (3) SBS never sent any letters requesting payment for a three-year period following SBS' original, October 1993 invoice. These claims lack merit.

Before addressing these claims, however, we note that Indian River does not contest that the parties had an agreement as reflected in the invoice at issue in the argument section of its brief. In fact, in its brief, Indian River states that SBS has "established rather clearly that there was a course of conduct between [the parties] dating back to 1984" and pursuant to that course of conduct, it "always accepted at face value any invoice or bill that [SBS] presented to it, and [it] never sought to obtain competitive bids."[3] Therefore, as discussed above, we do not consider this issue.

Given the existence of an agreement between the parties, we turn to Indian River's claims. Indian River argues that there is an issue of fact regarding "the true and reasonable value of the computer hardware and software" SBS provided. However, because Indian River agreed to the invoice price, it is irrelevant that such price may be higher than the hypothetical "fair market value" of the goods.[4] See *Hightower v. Century 21 Farish Realty*, 214 Ga. App. 522, 524 (448 SE2d 271) (1994) (party affirming a contract bound by its terms).

Indian River argues that there is a jury question with regard to whether it received all of the computer equipment that SBS promised. However, this claim is barred by the fact that Indian River has waited more than four years to notify SBS of any alleged breach of their agreement. See *Massey v. Thomaston Ford Mercury*, 196 Ga. App. 278, 279 (1) (395 SE2d 663) (1990) (buyer's claim for breach of contract barred where he waited a year before notifying seller of absence of certain features on vehicle).

Finally, we reject Indian River's claim that SBS' alleged failure to send any letters requesting payment for a three-year period following its original invoice represents a material fact for which there is a genuine dispute. Indian River makes no showing as to how this claim affects SBS' ability to enforce the parties' agreement. Although Indian River argues that this failure to send letters should affect SBS' ability to obtain any prejudgment interest, it offers no support whatsoever for this proposition. Accordingly, we affirm the trial

---

[3] We further note that in its amended answer, Indian River struck its original defense that it "never entered into a contract with Plaintiff as alleged," and stated "to the extent that there may be any constructive contract or implied contract, it was only with . . . [Indian River], and not with . . . [Newsome] individually."

[4] We note that Indian River apparently believed the computer goods it received from SBS were well worth their approximately $23,000 invoiced price when it used the equipment to secure a loan for just that amount.

court's grant of summary judgment to SBS.

2. With respect to SBS' motion for damages for frivolous appeal, "[i]t does not appear to this court that all of the issues raised by [appellant] were without arguable merit. Consequently, the [appellee's] motion for imposition of damages pursuant to [OCGA § 5-6-6] for filing a frivolous appeal is denied." *Barker v. Century 21 — Atlanta East Realty*, 162 Ga. App. 828, 829 (4) (293 SE2d 76) (1982).

*Judgment affirmed. Pope, P. J., and Beasley, P. J., concur.*

DECIDED MARCH 15, 1999.

*Michael H. Graham*, for appellant.
*Buchsbaum & Lowe, Alan S. Lowe*, for appellee.